Jᴏʜɴ Wɪʟsᴏɴ *v.* Tʜᴏᴍᴀs D. Hᴏʟʟᴇʏ.

JOHN WILSON *vs.* THOMAS D. HOLLEY.

1.  Where the defendant gave a receipt to the plaintiff for all the fishing materials, and "apparatus owned by W. & H.," it is competent for plaintiff to show that defendant represented that all of said seine, &c., was at a particular place, as such evidence tends to show where plaintiff was to receive the articles purchased.

2.  Where the complaint alleges no fraudulent representation in the sale of personality, it is not proper to charge the jury that plaintiff is not entitled to recover for a fraudulent representation, as there is no such issue raised by the pleadings.

3.  It is not error to refuse any instructions asked upon an unhypothetical state of facts.

4.  Where the defendants contracted to sell to the plaintiff all the fishing materials belonging to them as a firm, and removed a part thereof, the plaintiff is entitled to recover the value of the part thus removed, whether the removal took place before or after the sale.

Civil action tried before Pool, Judge, at Spring Term 1871, ·of Bertie Superior Court.

It was proved that the plaintiff and defendant were in 1868 partners in fishing, under the name of Wilson & Holley, and as such owned a seine, rope, cork, &c., and all the outfit of a river fishery, and had fished in the Spring of said year at Eaton house fishery on the Chowan River. At the expiration of the fishing season of said year, the seine, rope, &c., were stored in a house on the beach of said fishery after the usual drying process. The plaintiff lived twelve miles from the said fishery, whilst the defendant lived less than two miles, therefrom, and was the active partner of the firm.

On the 27th day of October 1868, in consideration of $800, cash then paid by the plaintiff to the defendant, the latter sold to him all the defendant's share and interest in and to

said seine, &c., when the defendants gave to plaintiff a receipt "in full for all the fishing materials and apparatus owned by Wilson & Holley."

The plaintiff testified that at the time of said sale, the defendants represented that all of said seine, &c., was at the Eaton House fishery.

The defendant testified that he made no such representation.

The plaintiff further testified that he took possession of the seine, &c., in November 1868, but made no personal examination thereof, until February, 1869, when he discovered that 1,000 yards or more of the seine, much of the rope, and a portion of the corks were gone.

On the day of the discovery plaintiff met the defendant and informed him of his loss, whereupon the defendant made a calculation and said that there ought to be     yards, which was right; but the defendant said nothing about his having carried some of it to Mount Gold, his residence.

One Slaughter testified that during the latter part of October or first of November, 1868, he saw the defendant with a wagon, and team and a driver at the Eaton House fishery. Late in the evening of the same day he saw the same wagon, team and driver going from the direction of the Eaton House fishery, towards the home of defendant, and that he saw on the wagon something he thought to be seine and rope.

There was evidence tending to show that the lost material was worth at least three hundred dollars. It was also in evidence that the forty yards of seine, which the defendant admitted that he used was of much less value, and that the 200 yards of seine which he admitted he carried to his residence was of less value than three hundred dollars.

The defendant testified that he had carried to his house 200 yards of old seine, 60 yards of rope, and about 50 corks, which he intended to convert into a hand seine, but had failed to do so; that the same had been used for three seasons, and was

unfit for a large river seine ; that in March, 1869, he carried the same back to Eaton House Fishery, and used during the fishing season of 1869 about 40 yards thereof; and that the balance has been at said fishery ever since April, 1869, subject to the order of the plaintiff, who has not demanded any part thereof; that the materials carried away by him were not worth more than the amount tendered.

The defendant excepted to the admisibility of the evidence on behalf of the plaintiff, that at the time of the sale the defendant represented all of the seine, &c., to be at the Eaton House Fishery.

The defendant requested His Honor to charge the jury :

1st. That plaintiff can recover only for the conversion of said seine and rope, but not for any alleged fraud, or fraudulent representation of said seine or rope.

2d. If the jury believe from the evidence, that the defendant removed a portion of the seine and rope from the Eaton House Fishery before the date of the contract of sale to the plaintiff, and has on hand now all of said seine and rope, except 40 yards of seine, subject to the demand of the plaintiff, then he can recover only the value of the 40 yards of seine.

Both of these instructions were refused by His Honor, who charged the jury :

1st. That if the defendant removed the seine, rope, &c., after the sale, the plaintiff's right to recover was conceded.

2d. If the defendant removed any part of the seine, rope, &c., beyond the reach of the plaintiff, and thus failed to deliver all which he purported to sell, the plaintiff should recover the value of that part thus removed, whether the removal took place before or after the sale.

Verdict for plaintiff for $300. Rule, &c., judgment and appeal.

*H. A. Gilliam* and *Busbee & Busbee* for plaintiff.
*Barnes, John A. Moore* and *W. N. H. Smith* for defendant.

JOHN WILSON *v.* THOMAS D. HOLLEY.

READE, J. ' 1. We see no force in the objection of defendant to the admission of evidence to show, that at the time of the sale he represented to the plaintiff that all the seine &c., sold was at the Eaton House Fishery.   It was evidence to show that was the understanding of the parties, that the plaintiff was to receive the articles at that place, and to show the obligation on the part of the defendant, to deliver them at that place, if he had them in his possession at another place.

2. The defendant wàs not entitled to the instruction prayed for, "that the plaintiff was not entitled to recover for any fraud or fraudulent representation of the defendant," for the reason that there was no claim or demand on the part of the plaintiff, to recover upon such grounds, but only for the value of the seine, &c.

3. The defendant was not entitled to the instruction prayed for, "that if he, the defendant, had the seine, &c., from the Eaton House Fishery, before the sale to plaintiff, and has on hand the same subject to plaintiff's demand, the plaintiff is not entitled to recover."   Because such instruction would have negatived the idea, that the defendant had represented the goods to be at the Eaton House Fishery, and that it was his duty to deliver them there, and would have assumed the fact, which does not appear, that the defendant had disclosed to the plaintiff that the goods were not at the Eaton House Fishery, but were in the defendant's possession subject to the plaintiff's order.

The defendant's exceptions to the evidence being without force, and not being entitled to the instructions which he prayed for and the instructions given, appearing to us to have left the case fairly with the jury.

There is no error.

PER CURIAM.                       Judgment affirmed.