The plaintiff alleged that he was "a practicing physician, and while going from the town of Williamston into the country to attend to his patients, with his horse and buggy, he found it necessary to cross the track of said railroad on a bridge, at a point on the public street in the town of Williamston, which had heretofore been constructed by the defendant company, at a regular and usual crossing for persons going into the country in the direction the plaintiff was going on a bridge.
"That near or upon said bridge, in the public street of said town, upon the said day and several days theretofore, the said defendant had by their gross negligence, through its employees and agents, placed one or more of its cars partly over said bridge or near thereto in said public street of said town, partly obstructing said crossing and street, which was calculated to frighten horses passing; and that the plaintiff, while attempting with the utmost care to drive over said bridge, a bridge which the plaintiff had crossed many times before, his horse (216) became frightened at said car or cars and became unmanageable and ran away, throwing the plaintiff from his buggy, inflicting serious and permanent injury, breaking his buggy, medicine box, and injuring his horse, to the plaintiff's damage," etc.
The defendant answering, among other things specifically denied that it was necessary for the plaintiff to cross the defendant's roadbed at the point mentioned, as there were other roads leading from the town and in the direction the plaintiff was going, and further alleged "that the use it was making of its track, by the placing of a car thereupon, in or near the public highway, at the time of the plaintiff's mishap, was a reasonable one."
Further, that it is not guilty of carelessness, negligence, or improper conduct, as in the complaint alleged; and says that the injury therein described, if any was, was caused by the fault and negligence of the plaintiff himself. Wherefore, defendant asks that it go without day and recover costs.
On the issues submitted by consent, the jury found the following state of facts: "That the defendant negligently caused and allowed its car to be placed and remain on the bridge at the point where the public street of the town crossed the railroad; that the car was on the bridge *Page 151 
two feet; that it was calculated to frighten plaintiff's horse, and did frighten him, so that the plaintiff received damage thereby to the amount of $400; that the defendant in placing the car there and permitting it to remain was not making a reasonable use of its track, but was guilty of negligence, and that the plaintiff was not guilty of contributory negligence."
The defendant asked the following instructions:
1. That the placing of the car partially in the street, even if it extended to some extent over the bridge, was not negligence.
2. A car in a highway, with which a traveler does not come in contact or collision, and which does not obstruct the way of travel, is not to be deemed a defect, though a horse may take fright thereat and cause damage. (217)
3. That the defendant company had the right to the use of the track on which its car was placed, and had the right to place its car there, and if its car left sufficient space for the passage of vehicles, and did not actually obstruct the cartway, it is not liable.
4. That the ordinary rule, that persons placing objects in or near a highway, and which are calculated to frighten horses of ordinary gentleness, are liable for the injuries resulting therefrom, does not apply to this case.
5. That upon the testimony in the case, the defendant company is not liable.
6. That if they believe the cars were placed on the side-track, as testified by witnesses Ellison and Hill, theirs being the only evidence as to the necessity of so placing the cars, they should find that the defendant was not negligent, and that the use of said track was reasonable, and defendants are not liable.
7. That if the jury believe that at the time the cars were placed upon the side-track the other side-tracks were filled with cars, and that it was necessary to put them on said side-track, then they should find that the defendant was negligent, and that the use made of the sidetrack in placing the cars upon it was reasonable, and the defendants are not liable, and that upon this point of the necessity and reason of so placing the cars the only evidence is that of the witnesses Ellison and Hill.
8. That if there was sufficient room left on the bridge for persons to pass with buggies, wagons, etc., and they could do so without striking against the car, with ordinary care, then the defendants are not guilty of negligence; and this would be so even if they had to turn from the usual track of wheels on the bridge. (218)
The court declined these prayers for instructions and, among other things, not excepted to, charged instead thereof: *Page 152 
"If you should find that at the time of the accident the side-tracks, other than the one upon which was the car of which the plaintiff complains, were filled with cars, and that it was necessary to the industry of the defendant to have this car at the place at which it was, then it would be your duty to say that the defendant was not negligent, and that the use defendant was making of its track was a reasonable one."
For the refusal to give these instructions (except the fourth, as to the refusal of which there is no exception), and to instruction just quoted, the defendant excepted, and appealed from the judgment against it.
This charge was certainly as favorable to the defendant as it had a right to ask; indeed, we think more so, because, notwithstanding the defendant might have failed to provide itself with side-tracks sufficient for its business, it did not follow that it had the right to obstruct the public street and crossing by allowing a shanty-car to remain for several days "ten feet in the street and two feet on the bridge at the crossing," especially when the jury find from the evidence that such shanty-car so situated was calculated to frighten the plaintiff's horse.
If the defendant "in the exercise of its industry" was moving the car along its track and crossing the street, and the plaintiff's horse was frightened thereby, or if the car was on the side-track at a place where it had a right to be, and the horse took fright, ordinarily the plaintiff could not recover. Morgan v. R. R., 98 N.C. 247. The railroads are chartered with a view to the exercise of the rights (219) necessary and proper for the performance of the great industry committed so largely to them. But when the car was placed in the street, occupying a part of the bridge, permitted to remain there for several days, and so situated was calculated to frighten plaintiff's horse, and did frighten him, and the court told the jury, notwithstanding, that if the putting the car at such place was necessary to the defendant's industry because the other side-tracks were filled with cars, that the plaintiff could not recover, the defendant certainly has no cause to complain. Myers v. R. R., 87 N.C. 345. This covers substantially the objections raised by the prayers for instructions, their refusal, and to the instructions given in lieu thereof.
The only exception to evidence is that a witness was allowed to testify that he saw another horse frightened by this car at that place *Page 153 
the day before. This evidence was competent, both on the issue submitted, by consent, whether the car was calculated to frighten horses, and whether it was negligence to permit it to remain at that point.
No error.
Cited: Alexander v. R. R., 112 N.C. 733; Norton v. R. R., 122 N.C. 934;Dunn v. R. R., 124 N.C. 256; Thomason v. R. R., 142 N.C. 329;Duffy v. R. R., 144 N.C. 28; Deligny v. Furniture Co., 170 N.C. 204.
(220)