R. L. DUFFY v. A. and N. C. RAILROAD COMPANY et al.

(Filed 26 February, 1907).

**Railroads —Negligence —Public Crossing —Obstruction—Proximate Cause—Contributory Negligence.**—It is error in the Court below to sustain a demurrer to a complaint alleging that the defendant unlawfully, wrongfully and unnecessarily obstructed with its freight train a public crossing, which was the proximate cause of an injury received by the plaintiff when his horse was running beyond his control, though the mere obstruction at the time did not, in itself, constitute negligence, unless unnecessary and unlawful.

ACTION to recover damages, heard at Fall Term, 1906, CRAVEN Superior Court, on demurrer, *Shaw, J.,* presiding. From judgment sustaining demurrer, plaintiff appeals.

*D. L. Ward* and *R. B. Nixon* for plaintiff.
*Simmons, Ward & Allen* for defendant.

Brown, J.   The portion of the complaint material to be considered on this appeal states in substance: That on 10 March, 1906, the plaintiff was driving along the macadamized road in the city of New Bern when his horse became frightened and began to run.   The horse ran for some distance, and when the plaintiff turned a corner in the street and came within one block of the railroad crossing, he saw that the defendants had a long freight train standing across the street which made it impossible for him to pass.   He alleges that the freight train was unnecessarily there, and had been there for a long time, across the street and extended for some distance on either side of the street, so that he could not pass. He had either to run into the train or attempt to turn out into an alley just before reaching the train, which was the only outlet he had.   In attempting to turn, his buggy was overturned and plaintiff was seriously injured, as set out in his complaint.

While the use of the public highways and streets belongs to the public by common right, we fully agree with the learned counsel for the defendant that the fact that the defendant company's train was at this particular time obstructing the highway does not in itself constitute negligence.   The railroad company has a right on its roadway to move its locomotives with or without cars attached, to and fro, in making up its trains, shifting its cars from one train to another, and to stop its trains when necessary in the ordinary course of such work.   And any harm sustained by reason of such shifting and stopping is *damnum absque injuria.   Morgan v. Railroad,* 98 N. C., 247.   Neither do we gainsay the proposition that where a railroad track crosses a public highway, both a traveler and the railroad company have equal rights to cross, but the traveler must yield the right of way to the railroad company in the ordinary course of its business.   But the gravamen of this plaintiff's complaint is "that

the said defendants *unlawfully, wrongfully,* and *unnecessarily* blocked up and obstructed the said street for a long time prior and subsequent to the time when plaintiff approached it as aforesaid," and that the direct consequences of such wrongful obstruction was the injury to plaintiff. If true, this constitutes negligence. *Morgan v. Railroad, supra; Harrell v. Railroad,* 110 N. C., 215; *Dunn v. Railroad,* 124 N. C., 252.

The burden of proof will, of course, be on plaintiff to establish such unnecessary and wrongful obstruction of the street, and that it was the immediate or proximate cause of the injury. The defense of contributory negligence must be set up in the answer, as we find no facts stated in the complaint which as a matter of law constitute contributory negligence.

The defendant will answer over.

The judgment of the Superior Court is

Reversed.