W. E. McCORD v. HARRISON-WRIGHT COMPANY.

(Filed 28 May, 1930.)

**1. Master and Servant C b—Employer is liable for injuries from simple tool where he has failed to have it repaired after notice.**

While an employer is not ordinarily required to inspect simple tools used by an employee in the course of the employment as he is in the case of complicated tools, it is his duty to repair a simple tool after he has notice of a defect therein, and where an employee has given notice to the employer by notice to its *alter ego* or vice-principal of a dangerous condition of a simple tool and called attention to its need of repair, and the *alter ego* has promised to repair the tool, but has failed therein, and there

McCord v. Harrison-Wright Co.

is evidence of a causal connection between the injury and the defect in the tool, the question of actionable negligence is for the determination of the jury.

2. **Master and Servant C f—In this case held: question of assumption of risk was for the jury.**

An employee assumes the risks of his employment generally incident thereto and not the specific negligence of the defendant, and where a simple tool is furnished the employee to do the work and the employee warns the *alter ego* of the principal of its dangerous condition and need of repair, and the *alter ego* promises to remedy the defect, but fails therein, the question is for the jury as to whether the danger therefrom was so open, obvious and imminent that a man of ordinary prudence would not have continued in the employment under the circumstances.

3. **Evidence K a—Opinion evidence as to danger of simple tool held not to invade province of jury and was competent.**

Where a chisel is used for cutting the bitulithic pavement on a city street for the purpose of laying pipe in the ground thereunder, and the injury in suit is alleged to have resulted from the failure of the defendant to repair the top of the chisel which was battered and shivered as the result of sledge hammer blows required in its use, testimony of the plaintiff that the chisel should have been dressed up "because it was dangerous," is in substance that if the chisel remained in this condition there was danger that slivers of steel would be severed from the sledge hammer blows upon its head, and is a "short-hand statement of a collective fact" and is an exception to the general rule excluding an expression of opinion, and its admission in evidence is not reversible error.

4. **Evidence D f—Evidence of happening of event like one causing injury held competent under circumstances and evidence in this case.**

While ordinarily evidence that an injury occurred at another time is not competent in an action to recover damages for a negligent injury, it is otherwise where the essential conditions of the events are substantially alike, and in this case *held:* that the short lapse of time between the events is not a sufficient ground for a new trial.

APPEAL by defendant from *Moore, Special Judge,* at December Special Term of MECKLENBURG. No error.

On 26 July, 1926, the defendant, a corporation, was engaged in cutting trenches and laying conduit pipes on Morehead Street in the city of Charlotte for the Southern Bell Telephone Company. The plaintiff was an employee of the defendant and had charge of a squad of men. In order to lay the pipes it was necessary to cut through the bitulithic pavement and for this purpose the defendant furnished the plaintiff steel chisels or cutters about eighteen inches long and one inch and a half in diameter. It was alleged that the tops of the chisels had been hammered until they had become frayed, dangerous, and unsafe; that the plaintiff had requested the defendant to have the chisels dressed and put in suitable condition for the work he had to do and the defendant negligently failed to do so; that one of the men got a chisel or cutter

and held it in position and two other men struck it with heavy sledge hammers; that a small fragment of steel flew from the head of the chisel and struck the plaintiff's right eye while he was standing near by directing the work and practically destroyed the sight of the injured eye. The plaintiff alleged that his injury was due to the negligence of the defendant in failing to provide an air compressor drill and in providing a cutter which was worn, frayed, and unsuitable for the work which the plaintiff was required to do.

The defendant denied all allegations of negligence and pleaded contributory negligence and assumption of risk in bar of the plaintiff's recovery.

The jury returned a verdict for the plaintiff on all the issues, assessing damages. From the judgment rendered the defendant appealed upon error assigned in its exceptions.

*J. D. McCall, E. T. Cansler and M. C. Moysey for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

Adams, J. It is contended by the defendant that the evidence of negligence is insufficient; that the plaintiff assumed the risk of his injury, and that for these reasons, or indeed, for either of them, his motion for nonsuit should have been allowed. It is said that the chisel referred to was a simple tool and, if defective, that its defect was obvious and as easily discoverable by the plaintiff as by the defendant.

In *Hicks v. Manufacturing Co.,* 138 N. C., 319, the Court declared it to be the duty of an employer of labor to supply his employees, in the exercise of proper care, with machinery, implements, and appliances suitable for their work and to keep such machinery in good condition so far as it can be done by the exercise of due care and diligence. The duty of furnishing tools and appliances, as thus stated, was approved in *Mercer v. R. R.,* 154 N. C., 399, in which it was said that while this duty applies alike to simple and complicated tools, the authorities agree that after performing this duty the law does not impose the same obligation with reference to the two classes. The employer must inspect complicated tools; but if a simple tool becomes defective from use it is the employee's duty to inform the employer so that the defect may be remedied or a new tool furnished.

There is evidence that the plaintiff did this. Allen was superintendent; Fonville was general superintendent. They gave the plaintiff instructions. Fonville told him to turn over to Dulin, another employee, such tools as needed repair. The day before the injury the plaintiff requested Dulin to take the cutters and have them dressed, suggesting the necessity of prompt action. Dulin promised, but failed to do so. The tool was defective; the defect was known to Dulin, whose

duty it was to make the repair; and there is evidence that the defect was the proximate cause of the plaintiff's injury. Under these circumstances the first issue could not properly be withdrawn from the jury. *Reid v. Rees' Sons Co.,* 155 N. C., 230; *Mincey v. R. R.,* 161 N. C., 467; *Rogerson v. Hontz,* 174 N. C., 27; *King v. R. R., ibid.,* 39; *Gaither v. Clement,* 183 N. C., 450.

The appellee differentiates the cases on which the appellant relies. In *Clement v. Cannon Mills, ante,* 43, there was no evidence of a defect in the appliance; in *Martin v. Highland Park Manufacturing Co.,* 128 N. C., 264, the defect was latent, in which event, as pointed out in *Mercer's case, supra,* there is ordinarily no liability; in *Morris v. R. R.,* 171 N. C., 533, the glancing of a hammer used in driving a spike in a cross-tie was the accidental cause of the injury; and in *Winborne v. Cooperage Co.,* 178 N. C., 88, the plaintiff found an ax belonging to the defendant and with ample opportunity to know the handle was loose used the ax several days without requesting a better tool.

Upon the evidence in the case we are not justified in holding as a matter of law that the action should be dismissed on the ground that the plaintiff assumed the risk of his injury. At the time he was injured the plaintiff was engaged in directing the work of three other men. This was his duty. They were to cut a ditch ten feet long through bitulithic pavement on a side street for the purpose of laying cables for the telephone company. It was necessary to hasten the work in order to keep the street open for traffic. The plaintiff marked the outside lines and stood six or eight feet away to see that the sides of the ditch, when cut, followed the marked lines.

The plaintiff assumed the ordinary risks incident to his employment, but not such as were attributable to the defendant's negligence, unless he continued to work under conditions that were so obviously and imminently dangerous that a man of reasonable prudence, exercising such prudence, would not have incurred the risk of injury. He had the promise of Dulin that the repair would be made and was expressly instructed by his superior officer to go to Dulin when repairs were needed. Whether with knowledge that the chisel had not been repaired a prudent man would have gone on with the work was a matter for the jury to determine. *Medford v. Spinning Co.,* 188 N. C., 125; *Jones v. Taylor,* 179 N. C., 293; *Howard v. Wright,* 173 N. C., 339.

In answer to a question as to the way in which the head of the chisel was to be dressed the plaintiff said, "It was supposed to be cut off and dressed up, too, because it was dangerous." To sustain its exception to the answer the appellant relies on *Marshall v. Telephone Co.,* 181 N. C., 292. That case was decided upon the familiar principle that it is the duty of the employer to use due care in providing for his em-

ployee a reasonably safe place in which to work, and that the answer of the witness was in effect an answer to the issue. Moreover, the answer may be said to have involved a matter of science. But not so here. The witness had previously testified without objection to the "beaten" and "hammered" condition of the "top of the cutter." The substance of his testimony was that if this condition remained there was danger that slivers of steel would be severed from the chisel by the pounding of the hammer. This was the "shorthand statement of a fact," or the statement of a "composite fact" which the Court recognized in *Marshall's case* as an exception to the general rule excluding an expression of opinion. It was a matter of observation and common knowledge, and could have had only slight, if any effect, in aiding the jury. *Powell v. R. R.,* 178 N. C., 243; *Brewer v. Ring,* 177 N. C., 476; *Monds v. Dunn,* 163 N. C., 108; *Alley v. Pipe Co.,* 159 N. C., 328.

The appellant excepted to testimony that about thirty minutes after the plaintiff was injured another workman engaged in the same work and using the same implements was hit by a piece of steel. As a rule evidence that one event occurred at a particular time is not admissible to show that another event occurred at another time. *McNeill v. R. R.,* 130 N. C., 256. But such evidence is generally admissible if the two events are so closely related as to point with reasonable certainty to identity of cause and not merely to similarity in certain particulars. The distinction is noted in *Conrad v. Shuford,* 174 N. C., 719. On this principle it was held that evidence of other occurrences is competent where the essential conditions of the events are similar. *Perry v. Manufacturing Co.,* 176 N. C., 68; *Dail v. Taylor,* 151 N. C., 285; *Harrell v. R. R.,* 110 N. C., 215; *Dorsett v. Manufacturing Co.,* 131 N. C., 254. The source of injury in the two cases was evidently the same and the lapse of a few minutes between the events is not cause for a new trial.

We have considered the appellant's exceptions to the instructions given the jury on the issues of negligence, contributory negligence, and assumption of risk and have discovered no reversible error.

No error.