G. W. ALMOND v. OCEOLA MILLS, INCORPORATED.

(Filed 8 January, 1932.)

1. **Trial D a—On motion of nonsuit all the evidence is to be considered in light most favorable to the plaintiff.**

   Upon defendant's motion as of nonsuit, all the evidence, whether offered by the plaintiff or elicited from the defendant's witnesses, is to be considered in the light most favorable to the plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

2. **Master and Servant C b—Evidence held sufficient to go to jury in action by employee to recover damages against employer.**

   Where, in an action against an employer to recover damages caused by his alleged negligence in failing to exercise proper care to furnish the plaintiff a reasonably safe place to work and reasonably safe and suitable tools therefor, the evidence tends to show that the employee had to operate a comb in a cotton mill while the machinery was running, and that the comb fell on his hand causing the injury in suit, that, if the comb had been properly fixed, its own weight would have held it back and prevented its so falling, that the comb under unchanged circumstances had thereafter fallen while other operatives were at work at the machine, and that it was not the employee's duty to repair machinery, but the duty of a superintendent, *Held:* the evidence is sufficient to take the case to the jury on the issue of the employer's negligence, and the granting of its motion as of nonsuit was error.

3. **Evidence D h—Evidence of similar occurrences held competent under the facts of this case.**

   Where an employee is injured by the falling of a comb in a cotton mill machine, alleged to have fallen because of a defect therein, evidence that the comb had so fallen while the machinery was being operated by other employees immediately thereafter is competent where there is evidence that no change had taken place, the probative force of the evidence being for the jury.

4—202

ALMOND *v.* OCEOLA MILLS, INC.

APPEAL by plaintiff from *Harwood, Special Judge,* at March-April Term, 1931, of CHEROKEE. Reversed.

This is an action brought for actionable negligence by plaintiff, an employee of defendant, against defendant for damages. The plaintiff alleged that in the machinery used in manufacturing cotton into thread, on the night of 22 August, 1929, the middle finger of his right hand "was caught between the teeth of said comb and said nipper" and was cut off. The allegations of negligence that was the proximate cause of the injury: (1) in requiring plaintiff to operate more combers than could be done by one man; (2) that the machine comber and comb was in a defective and dangerous condition, in that it worked loose at each end, where same was fastened, so that the vibration in the operation of the machinery caused the comb to drop and fall on plaintiff's finger and cut the nail of same off.

The defendant denied the material allegations of the complaint—that plaintiff's injury was caused by any negligence on the part of defendant, and alleged that the injury was slight and plaintiff "continued to work for a great many days at the same work." That the machine was in "perfect working order."

The defendant set up the plea of contributory negligence and alleged: "If the plaintiff was injured at all that he was injured through no negligence or carelessness on the part of this defendant but through his own negligence and carelessness in negligently and carelessly sticking his hand into the machine where he had no business and where he knew better or in striking some portion of the machine, and that such negligence on his part is expressly pleaded in bar of any recovery in this cause."

*Moody & Moody for plaintiff.*
*Johnston & Horner for defendant.*

CLARKSON, J. At the close of plaintiff's evidence the defendant made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The motion was sustained and in this we think there is error.

It is the well settled rule of practice and accepted position in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support his cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The evidence of plaintiff was in part: "I was running combers, Whiting combers. These combers were used to comb the cotton and take all the stuff out of the cotton that was necessary for them to take out to make the thread. To prepare the cotton to make thread. The combs are ten or twelve inches, and they come down this way (indicating) and when they come down where the cotton goes through there are two steel rollers and two hooks that you have to take up, and this is what we call the nippers that come up, and you have to lift that comb back and lay it back and lift up these two hooks and take the roller out and take the rope off, and then you have to put back the roller and put the hooks back and then start our cotton through, and when I done that this comb fell on my hand. The comb is up over the rollers and comes right down like that (indicating with book), comes over like that right down on this cotton, and when you lay it back you turn it right back like that. There are two rollers under this comb and the half laps that the teeth was on. The comb has teeth on it, on the bottom, and the cotton goes through the rollers. There is no teeth on the rollers. These nippers are things that come up through there that keep time, I suppose to carry the cotton, that goes up and down, the nippers work all the time. The nippers cuts the cotton. They are made out of steel. . . . When I started to comb the comb was laying back there (indicating) and it just fell over and caught my hand and took the finger nail off right there. . . . . I couldn't tell you what degree the angle would be. If the comb was properly fixed its own weight would hold it back. If the comb was in proper shape I expect it would stay back, but it did not do it, it fell, that is all I can tell you about it. I don't know what was wrong with the shape of the comb, I aint a comb fixer. Yes, sir, the reason I say the comb was not in proper shape was because it fell. Yes, it works on a hinge and its own weight holds it back *if it is kept tight, if it wouldn't work loose and drop down.* It is fastened down on the bars that would hold it down. I never did work on a comb, all I done to the comb was to just run the comb, I never did try to repair a comb. No, I didn't know that there was anything wrong with the comb, more than the comb come loose and fell; I don't know why. . . . The cotton had not got through when the comb fell. I had a paddle made out of wood that they gave me and I used it to poke it through between the steel rollers. They gave me the paddle and told me to poke the cotton through the rollers. *The machine was running. It had to run before the cotton would go through.* . . . My immediate foreman was Mr. Welch, Cary Welch. He had a section hand in there and a superintendent and he helped overhaul all

combs himself, Mr. Welch did. *It wasn't my duty to repair machinery, it was my duty to run it."*

We think the evidence of similar occurrences that were excluded by the court below competent, the probative force is for the jury. It was in evidence that no change had occurred.

In *Perry v. Bottling Co.,* 196 N. C., at p. 691, we find: " 'Evidence of similar occurrences is admitted where it appears that all the essential physical conditions on the two occasions were indentical; for under such circumstances the observed uniformity of nature raises an inference that like causes will produce like results, even though there may be some dissimilarity of conditions in respect to a matter which cannot reasonably be expected to have affected the result.' 22 C. J., 751, sec. 840; *Pritchett v. R. R.,* 157 N. C., 88; *Leathers v. Tobacco Co.,* 144 N. C., 330; *Dorsett v. Mfg. Co.,* 131 N. C., 254." *Shaw v. Handle Co.,* 188 N. C., at p. 235; *McCord v. Harrison-Wright Co.,* 198 N. C., 742.

In *Shaw v. Handle Co., supra,* at p. 236, quoting from *Blevins v. Colton Mills,* 150 N. C., 498, is the following: "It may be well to note that the doctrine we are now discussing refers to the objective conditions, where, from the facts and circumstances, it is reasonably probable that no change has occurred, and must not be confused with the position which obtains with us, that voluntary changes made by any employer after an injury to an employee, and imputed to the employer's negligence, are not, as a rule, relevant on the trial of an issue between them."

In *Ammons v. Mfg. Co.,* 165 N. C., at p. 452: "It is established by repeated adjudications in this State that an employer of labor, in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements, and appliances safe and suitable for the work in which they are engaged, and to keep such implements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision," citing numerous authorities. *Ainsley v. Lumber Co.,* 165 N. C., 122; *Riggs v. Mfg. Co.,* 190 N. C., at p. 258.

It was in evidence that in doing the work required of plaintiff, the machine "had to run"; "if the comb was properly fixed its own weight would hold it back, . . . if it is kept tight (if) it wouldn't work loose and drop down." Shortly after plaintiff was injured, some three days, one Earl Crisp took his place at the same machine, the same comb fell while he was operating it. Later one Frank Birchfield took Crisp's place and worked at the same machine. He testified, in part: "Q. State, Mr. Birchfield, while you worked with that comb, whether it fell at times? A. Yes, sir. Q. While you were working with it, it fell? A. Yes, sir. Q. About how many times did it fall while you were working

with it? A. I think it fell three or four times when I was working with it, I know it did. By the court: How long was that, Mr. Birchfield, after Mr. Almond was injured? A. Well, it must have been something near thirty days."

We think the evidence of plaintiff sufficient to be submitted to a jury. For the reasons given, the judgment of the court below is

Reversed.