### JAKE WATSON v. CITY OF DURHAM.

(Filed 28 January, 1935.)

**1. Evidence K b—**

In reply to a question as to the condition of a hammer furnished plaintiff for the performance of his work, defendant's witness, who had observed the hammer, was permitted to testify, "I would say it was in good condition": *Held*, the testimony was competent as opinion testimony.

**2. Evidence D h—**

The exclusion of testimony that others had been injured in the rock quarry in which plaintiff received the injury in suit *is held* without error in this case, the evidence failing to disclose the required substantial identity of circumstances or proximity of time.

**3. Trial E c—**

Where the contention of plaintiff is not supported by allegations in the complaint, the refusal of the court to submit such contention will not be held for error.

CIVIL ACTION, before *Cranmer, J.,* at September Term, 1934, of DURHAM.

Plaintiff was sentenced to the State's prison for a term of years, and soon thereafter, by virtue of a contract between the city of Durham and the State's prison authorities, he was sent to work at a quarry owned and operated by the city of Durham. He had worked in the quarry for approximately four years and was hurt on 22 September, 1930. Plaintiff testified: "On 22 September I was breaking rock with a hammer, . . . and a piece from that hammer hit me in my right eye and put it out." There was evidence that this hammer was a rock hammer, weighing about eighteen pounds, and that it was "all crumpled and battered and would shoot spraws . . . and fine pieces of rock." Plaintiff further testified that he had asked for goggles to protect his eyes and his request had been denied. He also testified that he had asked for a new hammer and that the same had not been furnished. He offered evidence that goggles were appliances approved and in general use for workmen engaged in breaking rock.

The defendant offered evidence tending to show that goggles were not appliances approved and in general use for the particular work that plaintiff was required to do, and that the hammer furnished had been inspected as required by reasonable prudence, and that said instrument was free from defects, and was a proper appliance for breaking rock.

There was sufficient evidence of negligence to be submitted to the jury, and the trial judge submitted issues of negligence, contributory negligence, and damages. The jury answered the issue of negligence "No," and from judgment upon the verdict the plaintiff appealed.

WATSON v. DURHAM.

*P. R. Hines, Julius Brown, and R. O. Everett for plaintiff.*
*S. C. Chambers for defendant.*

BROGDEN, J. The trial judge properly submitted the cause to the jury. He stated and arrayed the contentions of the parties with clearness and impartiality and correctly stated the principles of law applicable to the various phases of the evidence.

The defendant offered one of the guards as a witness, who was present at the time of the injury, and was asked what was the condition of the hammer plaintiff was using. He replied: "I would say it was in good condition."

The plaintiff insists that the evidence was incompetent and should have been excluded by application of the rule heretofore announced in *Marshall v. Telephone Co.,* 181 N. C., 292, 106 S. E., 818. However, the ruling of the trial judge is sustained. The identical point was considered in *Bane v. R. R.,* 171 N. C., 328, 88 S. E., 477. The Court said: "The instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time, are, legally speaking, matters of fact, and are admissible in evidence," etc. See, also, *McCord v. Harrison-Wright Co.,* 198 N. C., 742, 153 S. E., 406.

The plaintiff also attempted to offer evidence that other persons had suffered injuries "while working in the rock quarry belonging to the city of Durham, while breaking rock," in the same manner as the plaintiff. The trial judge properly excluded the evidence for the reason that the evidence did not disclose "the substantial identity of circumstances or proximity of time which the law contemplates." *Etheridge v. R. R.,* 206 N. C., 657, 175 S. E., 124.

Plaintiff further insisted that it was error for the trial judge to decline to state his contentions to the effect that he was being worked in violation of the Constitution and laws upon the theory that C. S., 7758, authorizes convicts to be worked on the roads or streets, and, therefore, excludes work in quarries. Even if it be conceded that such contention is sound, there were no allegations in the pleadings raising the question, and hence the trial judge ruled correctly in declining to submit such contention.

A careful examination of all the exceptions does not disclose to the Court any error of law.

Affirmed.