WILLIAM A. COOK v. J. D. HOBBS AND E. H. BESHERS.

(Filed 8 April, 1953.)

**1. Automobiles §§ 8i, 18h (2)—**

Plaintiff's allegations and evidence to the effect that he was already in an intersection when defendant drove his car into the intersection from plaintiff's right, at excessive speed without proper caution and maintenance of proper lookout, *is held* sufficient to overrule defendant's motion to nonsuit. G.S. 20-141 (a), G.S. 20-155 (b).

**2. Automobiles § 18i: Trial § 31b—**

A charge as to the duty of a motorist to stop in obedience to a red flashing signal as required by municipal ordinance before entering an intersection within the municipality must be held for prejudicial error when there is no allegation in the complaint making any reference to such signals or municipal ordinance.

APPEAL by defendants from *Crisp, Special Judge,* and a jury, at November Term, 1952, of CABARRUS.

Civil action arising out of a collision between two motor vehicles at a street intersection within the corporate limits of a municipality.

These are the facts:

1. East Eleventh Street, which runs east and west, and North College Street, which runs north and south, intersect and cross each other in a residential district in the City of Charlotte.

2. At one o'clock in the morning on 1 January, 1952, an eastbound Ford owned and operated by the plaintiff William A. Cook, which approached and entered the intersection on East Eleventh Street, and a northbound Cadillac owned by the defendant J. D. Hobbs and operated for him by his agent, the defendant E. H. Beshers, which approached and entered the intersection on North College Street, collided on the intersection, allegedly causing personal injury to the plaintiff and damage to his Ford.

3. The plaintiff sued the defendants to recover damages for the personal injury and property damage allegedly suffered by him in the collision. His complaint charged that the Ford reached and entered the intersection substantially in advance of the Cadillac, and that the defend-

ant E. H. Beshers was guilty of actionable negligence in the management of the Cadillac in these four respects: (1) That he failed to keep a reasonably careful lookout; (2) that he drove the Cadillac "without due caution and circumspection and at a speed . . . so as to endanger" the person and property of the plaintiff in violation of G.S. 20-140; (3) that he drove the Cadillac at a speed greater than was reasonable and prudent under the conditions then existing in violation of G.S. 20-141 (a); and (4) that he failed to yield the right of way at the intersection to the plaintiff whose Ford was already within the intersection in violation of G.S. 20-155 (b). The defendants answered, denying actionable negligence on their part and pleading contributory negligence on the part of the plaintiff.

4. The plaintiff and the defendants offered evidence at the trial tending to establish their respective allegations. They stipulated at that time that the City of Charlotte installed red and yellow flashing signals at the intersection before the collision under a city ordinance embodied in Section 25 of Article 3 of Chapter 2 of the Code of the City of Charlotte; that the flashing signals were working at the time of the collision; and that Section 25 of Article 3 of Chapter 2 of the Code of the City of Charlotte was couched in this language: "Whenever flashing red or yellow signals are used, they shall require obedience by vehicular traffic as follows: (a) Flashing red (stop signal). When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked, and the right to proceed shall be subject to the rule applicable after making a stop at stop sign. (b) Flashing yellow (caution signal). When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through the intersection or along said street or highway past such signal only with caution." The complaint did not mention either the flashing signals or the city ordinance in any way whatever.

5. These issues were submitted to the jury: (1) Was the plaintiff damaged by the negligence of the defendants, as alleged in the complaint? (2) Was the plaintiff guilty of contributory negligence, as alleged in the answer? (3) What amount, if any, is plaintiff entitled to recover of the defendants for personal injury? (4) What amount, if any, is plaintiff entitled to recover of the defendants for property damage? The jury answered the first issue "Yes," the second issue "No," the third issue "$450.00," and the fourth issue "$700.00." The court entered judgment for the plaintiff and against the defendants for $1,150.00 and the costs of the action, and the defendants appealed, assigning errors.

*John Hugh Williams for plaintiff, appellee.*
*Hartsell & Hartsell, William L. Mills, Jr., and Jones & Small for defendants, appellants.*

ERVIN, J. The defendants make these assertions by their assignments of error:

1. That the court erred in refusing to dismiss the action upon a compulsory nonsuit at the close of all the evidence.

2. That the court erred in its instructions to the jury.

The evidence warranted the submission of the issues of actionable negligence and contributory negligence to the jury. In consequence, the refusal to nonsuit was proper.

The cause must be tried anew, however, because of error in the portion of the charge covered by the sixth exception. Although the complaint made no reference whatever to the flashing signals or the city ordinance, the judge instructed the trial jurors, in substance, that it would be their duty to answer the first issue "Yes" in case they found by the greater weight of the evidence that the driver of the Cadillac entered the intersection without first stopping in obedience to a red flashing signal and the city ordinance and in that way proximately caused injury to the plaintiff's person or damage to his Ford. In so doing, the judge set at naught the fundamental procedural principle that a plaintiff cannot recover except on the cause of action set up in his complaint. *Moore v. Clark,* 235 N.C. 364, 70 S.E. 2d 182; *Bowen v. Darden,* 233 N.C. 443, 64 S.E. 2d 285; *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613; *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648; *Watson v. Durham,* 207 N.C. 624, 178 S.E. 218; *Edwards v. Power Co.,* 193 N.C. 780, 138 S.E. 131, 53 A.L.R. 1404; *Geddie v. Williams,* 189 N.C. 333, 127 S.E. 423; *Dixon v. Davis,* 184 N.C. 207, 114 S.E. 8; *McNeill v. R. R.,* 167 N.C. 390, 83 S.E. 704; *Wilson v. Holley,* 66 N.C. 408; 65 C.J.S., Negligence, section 288.

New trial.