This is an action to recover damages for personal injury, caused, as the plaintiff alleges, by the negligence of the defendant.
(612) The injury occurred at a public railroad crossing by a collision between the train of the defendant and an automobile which was owned and driven by Mr. Jamison and in which the plaintiff was a guest.
The plaintiff offered evidence tending to prove that the defendant failed to give notice of the approach of the train to the crossing, and also, if it did give notice, that by the exercise of ordinary care the train could have been stopped in time to avert the injury.
The defendant introduced evidence tending to prove that it gave notice of the approach of the train to the crossing, and that the automobile went upon the track such a short distance in front of the approaching train that it could not have been stopped in time to avoid injury. *Page 671 
The jury answered the issue of negligence in favor of the defendant, and from the judgment pronounced upon the verdict the plaintiff appealed.
No authority is cited in the brief of counsel for appellant, for the reason that there is very little difference of opinion as to the principles of law controlling the trial of the case, the real controversy being as to the correct application of those principles, and whether his Honor gave the instructions to which the plaintiff was entitled.
The first impression is that he did not do so, and that he gave undue prominence to the negligence of Mr. Jamison, the driver of the automobile in which the plaintiff was a guest at the time of her injury, and that the jury might infer that he intended this negligence to be imputed to the plaintiff; but when the charge is read and considered more carefully and as a whole, the conclusion cannot be avoided that no principle of law has been erroneously stated or applied, and a new trial cannot be ordered except upon the theory that the charge was more complex than was necessary and that the jury did not understand it, which would be violative of our system of administering justice, which is based upon the idea that jurors are intelligent and honest. Cooper v. R. R., 163 N.C. 150.
The allegations of negligence contained in the complaint are:
1. That the crossing at which the plaintiff was injured was negligently and carelessly constructed and maintained, in that trees, bushes, and shrubbery were permitted to stand upon the banks and obstruct the view of approaching trains, and in that the defendant failed to place and keep ballast between the rails.
2. That the time of the plaintiff's injury the defendant was running its train at an unlawful rate of speed.
3. That the defendant negligently failed to blow a whistle or (613) ring a bell or give any warning of the approach of its train to the crossing.
4. That the defendant negligently failed to stop its train after discovering the plaintiff upon the crossing, or after it could have discovered her by the exercise of ordinary care.
No evidence was introduced in support of the first allegation of negligence, and while evidence was introduced that the train was run at a high rate of speed, this was not relied on as a distinct ground of action, but in support of the third and fourth allegations. *Page 672 
The case was therefore tried upon the theory that the defendant had failed to give notice of the approach of its train to the crossing, and that after the automobile was upon the crossing the defendant, by the exercise of ordinary care, could have discovered the perilous position of the plaintiff and could have stopped its train in time to avert the injury, and evidence was introduced in support of both of these contentions.
Upon the first of these his Honor charged the jury as follows:
"What duty did the Southern Railway Company owe to those using the crossing?
"It is admitted that the crossing at which the injury occurred was a public grade crossing, at the intersection of the railroad and the public highway, and that it was habitually used by the public. If you find the facts to be as admitted in this respect, it was then the duty of the Southern Railway Company, through its employees in charge of the train, as the train approached the crossing, and before it approached the crossing, to use due care in the operation of its train; due care meaning such care as was commensurate with the dangers reasonably to be anticipated in the operation of the train at or near that place.
"It was its duty to use due care in giving timely warning of the approach of the train, by signals, or by a signal, by sounding the whistle or ringing the bell at the usual and proper place, in order that those approaching the crossing might know that the train was coming. It was the duty of the defendant, the Southern Railway Company, to keep a careful lookout for danger, and to exercise due care, as already suggested, in the general management and operation of its train; and if you find from the evidence, and by its greater weight, that the Southern Railway Company failed to perform this duty, you will find that it was negligent; and if you further find that this negligence was the proximate cause of the plaintiff's injury, you will answer the first issue `Yes.'
"In the absence of statutory regulation, the mere fact that the train was moving at the rate of 30 miles an hour, if you find from the evidence that the train was moving at this rate of speed, would not necessarily be negligence per se; but in passing upon the question whether the Southern Railway Company was negligent in the operation of the train, (614) you may consider evidence tending to show whether the crossing was habitually used by the public, the extent of its use, the density of the population at or near that place, the rate of speed at which the train was moving, whether the proper signal was given, together with other evidence — all with a view to finding whether the Southern Railway Company used such care as was commensurate with the dangers reasonably to be anticipated in approaching the crossing; and if you find, by the greater weight of the evidence, that it did not exercise such *Page 673 
care, you will then find that it was negligent; and if you further find that in consequence of such negligence the plaintiff was injured, and that the negligence of the Southern Railway Company was the proximate cause of her injury, you will answer the first issue `Yes.'" And upon the second: "It was the duty of the engineer to keep a careful lookout. Was it the duty of the fireman to do so?
"If you find from the evidence that the engineer, by reason of a curve in defendant's track, and the obstruction of the engine, the smokestack, or otherwise, could not keep a lookout for persons on or near the crossing, or in a perilous situation, it was then the duty of the Southern Railway Company to have its fireman or other person to assist the engineer in keeping such lookout. It was the duty of the Southern Railway Company to keep a careful lookout for danger, the degree of care being such as a prudent person would exercise in endeavoring to perform that duty. There is no contention, of course, that it was the duty of the railway company to stop its train, merely for the purpose of permitting a traveler, attempting to go across the track, to pass in front of the train. That is not the question here. The question is whether, after the plaintiff was in a position of peril, she was seen, or could have been seen by the defendant's employees, and whether, by the exercise of reasonable and ordinary care, the engine could have been stopped or slackened to such an extent that the injury could have been averted.
"If you find from the evidence that Mr. Jamison drove the automobile upon the track of the defendant, at the defendant's crossing, and that the car stopped upon the track, or whether you find that he was negligent or not, if you further find that the plaintiff, as a guest of Mr. Jamison, riding in the automobile, was thereby placed in a perilous situation from threatened contact with the defendant's train, and that the defendant's servants in charge of the train saw, or by the exercise of ordinary care could have seen, her perilous situation, and averted the injury by any available means reasonably consistent with the safety of the train and its crew, it was then the duty of the Southern Railway Company to make use of such available means, to give the proper warning or signal, to lessen the speed of the train if reasonably necessary, and even to bring it to a stop, if reasonably necessary and practicable, to avoid the injury; to use all available means to avert the injury, short of (615) putting in danger the safety of the train and its crew; and if you find that the Southern Railway Company, under these circumstances, failed to perform this duty, you will then find that it was negligent; and if you further find that this negligence was the proximate cause of the plaintiff's injury, you will answer the first issue `Yes.'" *Page 674 
The charge upon the second allegation is as favorable as the plaintiff was entitled to, and the first is in accord with our authorities.
In Edwards v. R. R., 132 N.C. 100, the Court says: "It is undoubtedly true that the engineer must give such a signal as will be reasonably sufficient to warn persons on highways, that intersect the track, of the coming of the train, and this must be done by ringing the bell or blowing the whistle, as the peculiar circumstances of the case may suggest to be the proper method, and the failure of the engineer to give such a signal would be evidence of negligence. Hinkle v. R. R., 109 N.C. 473; 26 Am.Rep., 581. The warning must be reasonable and timely, but what is reasonable and timely warning must depend upon the conditions existing at the time in the particular case, and we are not by any means prepared to say that the law requires in every case that the signal should be given in any special way. We know of no such hard and fast rule as that laid down by the trial judge in this case. The bell and the whistle are the appliances provided for the purpose of giving signals, and one or the other, as the case may seem to require, must be used for that purpose, and, in cases of emergency or when the peculiar situation seems to demand it, there should perhaps be a resort to the use of both; but it must be left to the jury to decide, upon proper instructions of the court as to the law, what is the proper signal in any given case."
His Honor also instructed the jury that there was no evidence that the plaintiff was guilty of contributory negligence, and that if Mr. Jamison was negligent, his negligence could not be imputed to her, and the only view in which the jury was permitted to consider the negligence of Mr. Jamison was that if it was "the sole, only, proximate cause of the injury, that the plaintiff could not recover," and this, not upon the ground that it showed contributory negligence of the plaintiff, but if the negligence of Mr. Jamison was the sole, proximate cause, then the negligence of the defendant would not be proximate. In other words, there was evidence upon the part of the defendant tending to prove that it gave timely and reasonable notice of the approach of the train to the crossing, and that the automobile went upon the track so short a distance in front of the approaching train that it could not have been stopped by the exercise of ordinary care in time to avert the injury, and if so, the negligent act of driving the car upon the track would be the cause of the injury and there would be no negligence on the part of the defendant.
(616) His Honor further charged the jury: "If you find from the evidence that the Southern Railway Company was negligent, and that Mr. Jamison also was negligent, and that their negligence concurred, and that their concurrent negligence was the proximate cause of the *Page 675 
plaintiff's injury, you will, in that event, find that the railway company is liable, and your answer to the first issue would be `Yes.'"
The contentions of the plaintiff were stated very fully and at length in the charge to the jury, and the paragraphs which we have quoted from the charge show that correct legal principles were laid down for their guidance.
The case was tried under the authority of Crampton v. Ivie, 126 N.C. 894, and upon the principles to be found in the interesting and valuable article on Automobiles in 2 Ruling Case Law, particularly at page 1205 etseq., which deals with injuries at railroad crossings.
We have carefully examined the exceptions relied on, thirty-two in number, and find no error.
We do not consider them seriatim, because it would consist largely in comparing instructions prayed for with corresponding paragraphs of the charge, which would require a reproduction of all of the requested instructions and the whole of the charge, and would do no good.
No error.
Cited: Hunt v. R.R., 170 N.C. 444 2d; McMillan v. R.R., 172 N.C. 855
(2c); Goff v. R.R., 179 N.C. 219 (2c); Jordan v. Power Co., 180 N.C. 664
(2c); Parker v. R.R., 181 N.C. 103, 105 (2c); Parker v. R.R., 181 N.C. 108
(2j); Busey v. R.R., 181 N.C. 142, 143 (2c); Costin v. Power Co.,181 N.C. 202 (2c); White v. Realty Co., 182 N.C. 538 (2c); Tyree v. Tudor,183 N.C. 346 (2c); Williams v. R.R., 187 N.C. 353 (2c); Rigsbee v. R.R.,190 N.C. 233 (2c); Earwood v. R.R., 192 N.C. 29, 30 (2c); Franklin v.R.R., 192 N.C. 719 (2c); Evans v. Construction Co., 194 N.C. 34 (2c);Pope v. R.R., 195 N.C. 69 (2c); Ballinger v. Thomas, 195 N.C. 520 (2c);Redmon v. R.R., 195 N.C. 770 (2c); Ramsey v. Power Co., 195 N.C. 793
(2c); Dickey v. R.R., 196 N.C. 728 (2c); Thurston v. R.R., 199 N.C. 498
(2c); Smith v. R.R., 200 N.C. 182 (2c); Campbell v. R.R., 201 N.C. 107
(2c); Sanders v. R.R., 201 N.C. 676 (2c); Johnson v. R.R., 205 N.C. 132
(2c); Keller v. R.R., 205 N.C. 278 (2c); Brown v. R.R., 208 N.C. 59 (2c);Harvell v. Wilmington, 214 N.C. 613 (2c); Sample v. Spencer, 222 N.C. 584
(2c); Rattley v. Powell, 223 N.C. 137 (2j). *Page 676