### A. S. HERMAN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 November, 1929.)

1. **Negligence B c—Where intervening negligence of third person is sole proximate cause of injury defendant is not liable.**

   Where a passenger in an automobile is injured in a collision of an automobile and a train at a grade crossing, and sues the railroad company for damages resulting therefrom, and his own evidence tends only to show that the accident resulted from the negligent driving of the automobile by another, and that this negligence of the driver was the sole proximate cause of the injury, or that cause which acting in unbroken sequence produced the injury, and without which it would not have occurred, and that the negligence of the railroad company, if any, would not have caused injury except for the intervening negligence of the driver: *Held,* the railroad company is not liable in damages to the plaintiff, and a judgment as of nonsuit was properly entered.

2. **Railroads D b—Where negligence of third person is the sole proximate cause of accident at crossing railroad is not liable.**

   Where the collision between an automobile and a train at a grade crossing is caused solely by the negligence of the driver of the automobile, an occupant therein may not recover damages for his injuries sustained therein from the railroad company.

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1929, of CUMBERLAND.

. Civil action to recover damages for an alleged negligent injury caused by a collision between an automobile in which plaintiff was riding and one of the defendant's trains.

The evidence discloses that the automobile in which plaintiff was riding when it collided with the defendant's locomotive at a highway crossing in the village of Raynham, Robeson County, was running about 30 or 35 miles an hour; it skidded approximately 90 feet, presumably due to the driver's effort to stop, before striking the rear driving wheel just under the fireman's seat. "I saw the car hit and rear up like a bucking horse," said one of the plaintiff's witnesses. The train was approaching, slowing down for the station stop, at a rate of from 10 to 12 or 15 miles an hour.

Judgment of nonsuit was entered at the close of plaintiff's evidence on the theory that the sole proximate cause of plaintiff's injury was the negligence of the driver of the car in which plaintiff was riding. Plaintiff appeals, assigning error.

*S. Burnell Bragg and Dye & Clark for plaintiff.*
*Rose & Lyon for defendant.*

STACY, C. J. We fail to discern from the record any evidence of negligence on the part of the railroad company which contributed to the plaintiff's injury. Even if the engineer or fireman did fail to ring the bell or sound the whistle, of which there is only negative testimony with positive evidence to the contrary, still the defendant had a right to operate the train over its track, and the negligence of the driver of the automobile is so palpable and gross, as shown by plaintiff's own witnesses, as to render his negligence the sole proximate cause of the injury. *Construction Co. v. R. R.,* 184 N. C., 179, 113 S. E., 672.

Upon all the evidence, we think it is manifest that the alleged negligence of the defendant, Atlantic Coast Line Railroad Company, was not in law a proximate cause of plaintiff's injury.

Speaking to the subject in his valuable work on Negligence (138), Mr. Wharton very pertinently says: "Suppose that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff: is the defendant liable to plaintiff? This question must be answered in the negative, for the general reason that causal connection between the negligence and damage is broken by the interposition of defendant's responsible human action. I am negligent on a particular subject-matter. Another person, moving independently, comes in and, either negligently or maliciously, so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negli-

gence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable."

The same rule announced by *Mr. Justice Strong* in *R. R. v. Kellogg,* 94 U. S., 469, regarded as sound in principle and workable in practice, has been quoted with approval in a number of our decisions. He says: "The question always is, was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, or wrongful act, and that it ought to have been foreseen in the light of attending circumstances."

Where the plaintiff's evidence shows that his injury was due to the negligence of a third person, and not to that of the defendant, it is proper to nonsuit the action, for he thus fails to make out a case against the defendant. Such was the holding of the trial court, and the judgment is affirmed. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

Affirmed.