HARRY BROWN v. ATLANTIC COAST LINE RAILROAD COMPANY ET AL.

(Filed 20 March, 1935.)

1. **Railroad D b—Complaint held to allege negligence of railroad as concurrent cause of accident at crossing.**

   The complaint in this action *is held* to allege negligence on the part of defendant railroad company and the owner of the car in which plaintiff was riding as a guest, which jointly caused the accident at a grade crossing in which plaintiff was injured, and defendant railroad's demurrer, interposed on the ground that the negligence of the owner as alleged insulated the alleged negligence of the railroad as a proximate cause or one of the proximate causes of the injury, should have been overruled.

2. **Automobiles C j: Torts B a—Guest in car may recover of driver and third person for injuries resulting from their concurrent negligence.**

   A person riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence.

APPEAL by plaintiff from *Small, J.,* at January Term, 1935, of WAYNE.

Civil action to recover damages for alleged negligent injury.

The complaint alleges:

1. That on 8 March, 1934, plaintiff was a guest in an automobile owned by Joe Brown and operated at the time by Matthew Kornegay, which collided with a train of the Atlantic Coast Line Railroad Company in the town of Garland, Sampson County, where Highway No. 23 crosses the track of the defendant railroad, and resulted in great injury to the plaintiff.

2. That S. L. Long and J. A. King were, respectively, conductor and engineer in charge of defendant's train.

3. That the crossing was a dangerous one by reason of obstructions on the right of way, etc.

4. That defendants permitted the train to block the highway in such manner and for such an unreasonable length of time as to create a dangerous obstruction, etc., and failed to take any precautions or to warn travelers upon the highway of such dangers.

5. That the defendant Joe Brown was negligent in that his automobile at the time of the collision was in bad condition, defective brakes, etc., and was being driven in a careless and heedless manner, so as to endanger the lives of persons riding in said automobile.

6. That the negligence of each of the defendants continued up to the time of the collision and concurred as a proximate cause in producing plaintiff's injury.

Wherefore, plaintiff prays, etc.

Demurrer interposed by the Atlantic Coast Line, S. L. Long, and J. A. King on the ground that the complaint does not state facts sufficient to constitute a cause of action against said defendants, or any of them. Demurrer sustained. Plaintiff appeals.

*Kenneth C. Royall, Robert A. Hovis, and Paul B. Edmundson for plaintiff.*

*Thomas W. Davis, V. E. Phelps, Dickinson & Bland, and W. B. R. Guion for defendants.*

STACY, C. J. The theory of the demurrer and the court's ruling is, that the negligence alleged against the owner of the automobile, *ex necessitate,* insulates the negligence of the demurring defendants as a proximate cause or one of the proximate causes of plaintiff's injury. *George v. R. R.,* 207 N. C., 457; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761. The conclusion is a *non sequitur* on the allegations of the complaint. *Keller v. R. R.,* 205 N. C., 269, 171 S. E., 73; *Brown v. R. R.,* 204 N. C., 25, 167 S. E., 479; *Sanders v. R. R.,* 201 N. C., 672, 161 S. E., 320; *Godfrey v. Coach Co.,* 201 N. C., 264, 159 S. E., 412; *Campbell v. R. R.,* 201 N. C., 102, 159 S. E., 27; *Ballinger v. Thomas, supra;*

*Hanes v. Utilities Co.,* 191 N. C., 13, 131 S. E., 402; *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564; *Duffy v. R. R.,* 144 N. C., 26, 56 S. E., 557; 25 R. C. L., 1292; 90 A. L. R., 631.

It is well settled by the decisions here and elsewhere that one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence. *Hanes v. Utilities Co., supra; White v. Realty Co., supra; Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459; *Pusey v. R. R.,* 181 N. C., 137, 106 S. E., 452; *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814; *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299; *Carterville v. Cook,* 129 Ill., 152, 16 Am. St. Rep., 248, and note.

The rule is stated in *Matthews v. Delaware L. & W. R. Co.,* 56 N. J. L., 34, 27 Atl., 919, 22 L. R. A., 261, by *Magie, J.,* as follows: "If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any, or all of the *tort-feasors* may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the *tort-feasors* are subject to joint and several liability."

The allegations of the present complaint, properly interpreted, seem to bring the case within this principle.

Reversed.