W. W. BEACH, ADMINISTRATOR OF THE ESTATE OF C. J. BEACH, DECEASED, v. F. E. PATTON, MRS. GRACE PATTON, AND W. O. RIDDICK.

(Filed 10 April, 1935.)

**Automobiles C i—Intervening negligence of one defendant in exceeding speed limit held to insulate other defendant's negligence in parking on highway.**

The evidence tended to show that one defendant parked his car on the highway for fifteen minutes after colliding with another automobile, on a damp, dark night, and that the car driven by the second defendant, at an

unlawful rate of speed, in order to avoid colliding with the parked car, was driven on the shoulders of the highway and struck and killed plaintiff's intestate, who was standing on the shoulder of the road. *Held:* Even conceding that the first defendant was negligent in leaving the car parked on the highway under the circumstances, such negligence was not the proximate cause of the injury to plaintiff's intestate, since defendant so parking his car could not have reasonably anticipated or foreseen that a driver of another car would operate his car in such a negligent manner as to be forced to run on the shoulder of the road and strike plaintiff's intestate in order to avoid a collision with the parked car.

APPEAL from a judgment of nonsuit as to the defendant W. O. Riddick, entered by *Harding, J.,* at September Term, 1934, of BURKE. Affirmed.

The plaintiff is the duly appointed administrator of C. J. Beach, deceased, whose death was caused by being stricken by a Plymouth automobile, the property of the defendant Grace Patton and driven by the defendant F. E. Patton on Highway No. 10 on the night of 16 December, 1933. The intestate was standing on the shoulder of the highway when the automobile driven by Patton at a negligent rate of speed was forced, in order to avoid a collision therewith, to go around a Ford automobile belonging to the defendant W. O. Riddick; and the plaintiff alleges and contends that the defendant W. O. Riddick negligently allowed his said Ford automobile to remain parked on the highway for a space of some fifteen minutes after it had collided with a certain Buick automobile occupied by "two ladies," and that the negligence of the defendant Riddick in allowing his car to remain so parked upon a much-used highway on a damp, dark night was a proximate cause of the death of his intestate.

At the close of the evidence, upon motion of the defendant Riddick, the court entered a judgment as of nonsuit as to him, and the plaintiff excepted and appealed to the Supreme Court, assigning errors. Upon the entering of the involuntary nonsuit as to the defendant Riddick, the plaintiff submitted to a voluntary nonsuit as to the defendants F. E. Patton and Mrs. Grace Patton.

*Mull & Patton for plaintiff, appellant.*
*Ervin & Ervin for defendant, appellee.*

SCHENCK, J. The only allegation of negligence against the defendant Riddick was that his car was left parked for some fifteen minutes on a damp, dark night on a much-used highway after it had been engaged in a collision. Assuming, but not deciding, that the defendant Riddick was

negligent in so leaving his car parked on the highway, there is no evidence that such negligence was the proximate cause of the death of plaintiff's intestate, and the establishment of the fact that the negligence of the defendant was the proximate cause of the death of the intestate is just as essential to the plaintiff's cause of action as is the establishment of the negligence itself. *Campbell v. Laundry,* 190 N. C., 649, and cases there cited. This case, as it relates to the defendant Riddick, is governed by the principle of the case of *Burke, Admr., v. Coach Company and Capeheart,* 198 N. C., 8, as it relates to the defendant Capeheart.

"The proximate cause of the event must be understood to be that which in natural and continuous sequence, unbroken by any new and independent cause, produces that event, and without which such event would not have occurred. . . . The test by which to determine whether the intervening act of an intelligent agent which has become the efficient cause of an injury shall be considered a new and independent cause, breaking the sequence of events put in motion by the original negligence of the defendant, is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected." *Harton v. Telephone Co.,* 141 N. C., 455; *Balcum v. Johnson,* 177 N. C., 213.

We think the act of F. E. Patton in operating the Plymouth car in such a way as to be forced to drive it off of the pavement on to the shoulder of the highway to avoid a collision with the Riddick car, and thereby collide with and cause the death of the intestate, was a cause new and independent of the alleged negligent act of parking the Riddick car on the highway; and broke any sequence between such death and such parking of said car, and that the unfortunate result was not one that Riddick could have reasonably foreseen and expected.

To hold that the defendant Riddick owed the duty to the plaintiff's intestate to foresee that a third person would operate a car in such a negligent manner as to be compelled to drive out on to the shoulder of the highway in order to avoid a collision with a car parked on the opposite side thereof, and thereby strike a person standing on the shoulder, would not only "practically stretch foresight into omniscence," *Gant v. Gant,* 197 N. C., 164, but would, in effect, require the anticipation of "whatsoever shall come to pass." We apprehend that the legal principles by which individuals are held liable for their negligent acts impose no such far-seeing and all-inclusive duty.

The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. Foreseeable injury is a requisite of proximate cause, and proximate

cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted. In this case as it relates to the defendant Riddick there is an absence of foreseeable injury, and consequently there was no error in entering the judgment as of nonsuit as to him. *Osborne v. Coal Co.*, 207 N. C., 545.

The judgment is
Affirmed.