ESTHER ANN QUINN, BY HER NEXT FRIEND, HELEN DOVER QUINN, v. ATLANTIC & YADKIN RAILWAY COMPANY ET AL.

(Filed 2 February, 1938.)

**1. Automobiles § 21: Railroads § 9—**

Defendant railroad company's motion to nonsuit on the ground that the evidence showed that the negligence of the driver of the car in which plaintiff was riding as a guest was the sole proximate cause of the accident, *held* properly overruled on authority of *Brown v. R. R.*, 208 N. C., 57.

**2. Same: Negligence § 7—Negligence of third person which is sole proximate cause of injury insulates negligence of defendant.**

Plaintiff was riding as a guest in an automobile and was injured in a collision between the car and a train at a grade crossing. The negligence of the driver of the car was admitted. The court instructed the jury that the negligence of the driver would constitute the sole proximate cause of the injury, exculpating the railroad company, if it were palpable and gross. *Held:* The instruction constitutes error entitling the railroad company to a new trial, since the negligence of the driver need not be palpable and gross in order to insulate the negligence of the railroad company, but would be sufficient for this purpose if it were the sole proximate cause of the injury.

**3. Railroads § 7—**

> A traveler has the right to expect a train to give timely warning of its
> approach to a grade crossing, but absence of such warning does not war-
> rant him in assuming that no train approaches, nor relieve him of the
> duty to keep a proper lookout.

**4. Same—Fact that view of crossing is partially obstructed does not re-
lieve driver of duty to keep proper lookout.**

> A railroad crossing is of itself a notice of danger, and a traveler is not
> relieved of his duty to keep a proper lookout by the fact that the view
> of approaching trains is partially obstructed, and an instruction that if
> the railroad company failed to keep its right of way adjacent to the
> crossing reasonably free from obstructions, or if the driver of the car in
> which plaintiff was riding as a guest was lulled into security by such
> failure, to answer the issue of the negligence of the railroad company in
> the affirmative, constitutes reversible error.

APPEAL by Atlantic & Yadkin Railway Company from *Armstrong, J.,*
at May Term, 1937, of GUILFORD.

Civil action to recover damages for personal injuries, alleged to have
been caused by the joint and concurrent negligence of the defendants.

The record discloses that on the afternoon of 7 November, 1935,
plaintiff and a student friend were riding as invited guests with C. W.
Simmons in his Terraplane automobile when it was hit by a train oper-
ated by the defendant railway company at what is known as the Corn-
wallis Road crossing in the city of Greensboro, resulting in serious
injury to plaintiff. The purpose of the trip was to give the young ladies
a ride around the city. C. W. Simmons was at the time employed by
defendant partnership, Oettinger Lumber Company.

It appears from the plaintiff's evidence that the train approached the
crossing at a speed of 25 or 30 miles an hour without signals or warning
of any kind; and that plaintiff's view was obstructed by reason of a
fence, shrubbery, rosebushes and bus station on defendant's right of way.

It is also in evidence that C. W. Simmons stopped his automobile 40
or 50 feet from the crossing; neither saw nor heard the train; proceeded
from this point, in second gear, at a speed of 12 to 15 miles an hour, and
he says: "The first knowledge that I had of the presence of this engine
and train was when I was on the track and it hit me. . . . That was
the first time that I knew there was a train anywhere about."

The automobile was equipped with a radio, but was not turned on
according to plaintiff's testimony. Defendant's evidence is, that imme-
diately after the collision it was playing loud enough to interfere with
conversations between persons standing near the car.

Defendant's evidence is also to the effect that the fence, shrubbery and
rosebushes on defendant's right of way were not more than five feet high;

that the view from the highway was not obstructed, and that ample and timely warning was given of the train's approach.

Upon the call of the case for trial, the plaintiff suffered a voluntary nonsuit as to the defendant partnership, Oettinger Lumber Company, as C. W. Simmons was not about the business of his employers at the time of the injury. *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 849; *Dickerson v. Refining Co.,* 201 N. C., 90, 159 S. E., 446.

After the evidence was in, the plaintiff announced that she would take a voluntary nonsuit as to C. W. Simmons. Defendant railway company objected; objection overruled; exception.

The defendant demurred to the evidence and moved for judgment of nonsuit. Overruled; exception.

The case was then submitted to the jury on the usual issues of negligence, contributory negligence and damages, which resulted in verdict and judgment for plaintiff.

Defendant railway company appeals, assigning errors.

*B. L. Fentress, R. R. King, Jr., and Harry Rockwell for plaintiff, appellee.*

*Hobgood & Ward and Francis I. Anderson for defendant, appellant.*
*Stern & Stern for defendant Simmons.*

STACY, C. J. The defendant's demurrer to the evidence or motion for judgment of nonsuit was properly overruled on authority of *Brown v. R. R.,* 208 N. C., 57, 179 S. E., 25, and *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814.

The court instructed the jury that if the negligence of Simmons was the sole proximate cause of plaintiff's injury, she could not recover of the railway company. In this, there was no error. *Powers v. Sternberg, ante,* 41. He further gave four tests to be applied in determining whether Simmons' negligence was the sole proximate cause of plaintiff's injury. One was: "The negligence of the driver must be palpable and gross." In this, there was error. *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108. It is true, the court was here quoting from *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555, but what was said in that case was addressed to the question of nonsuit, and not to matters for the jury. Moreover, the language may be inexact, or too strong, even on demurrer to the evidence. It is enough if the negligence of the driver be the sole proximate cause of the injury. *Powers v. Sternberg, supra; Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361.

The court also instructed the jury that Simmons "had a right to assume that reasonable and timely notice of the approach of defendant's train would be given." And further: "It was the duty of the defendant

railway company to keep its right of way adjacent to the crossing reasonably free from shrubs, vines, trees, houses, fences and other obstructions so that the driver of the car in which the plaintiff was riding . . . would or could have had an unobstructed view of its railroad train approaching from the north, and if the defendant railway company negligently failed to keep said right of way reasonably free from obstructions, . . . or if the plaintiff was prevented from seeing it (the train) and was thereby lulled into security, . . . it would be your duty to answer the first issue 'Yes.' "

These instructions would seem to be more favorable to the plaintiff than any heretofore sanctioned by the decisions or as warranted by the circumstances of the case. We have said that a traveler has the right to expect timely warning, *Norton v. R. R.,* 122 N. C., 910, 29 S. E., 886, but the failure to give such warning would not justify the traveler in relying upon such failure or in assuming that no train was approaching. It is still his duty to keep a proper lookout. *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Holton v. R. R.,* 188 N. C., 277, 124 S. E., 307. "A traveler on the highway, before crossing a railroad track, as a general rule, is required to look and listen to ascertain whether a train is approaching; and the mere omission of the trainmen to give the ordinary or statutory signals will not relieve him of this duty." Fourth headnote, *Cooper v. R. R.,* 140 N. C., 209, 52 S. E., 932.

Nor has it been held that a traveler is entitled to "an unobstructed view" of a train as it approaches a crossing, or that he may be "lulled into security" by an obstructed view. *Moore v. R. R.,* 201 N. C., 26, 158 S. E., 556; *Perry v. R. R.,* 180 N. C., 290, 104 S. E., 673. "A railroad crossing is itself a notice of danger, and all persons approaching it are bound to exercise care and prudence, and when the conditions are such that a diligent use of the senses would have avoided the injury, a failure to use them constitutes contributory negligence and will be so declared by the Court"—*Brown, J.,* in *Coleman v. R. R.,* 153 N. C., 322, 69 S. E., 251.

The pertinent rules applicable to crossing cases are set out in *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690. They have been repeated in a number of later decisions. It would only be a matter of repetition to enumerate them here again. Suffice it to say the last of the foregoing instructions, which defendant assigns as error, is not supported by the rules there stated. This was not a blind crossing. ·

The evidence on behalf of the defendant is in sharp conflict with that of the plaintiff. It tends to show an unobstructed view and timely warning of the approaching train. This makes it a case for the jury.

The negligence of Simmons, the driver of the car, is not seriously disputed. *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800. Whether his

negligence was the sole proximate cause of plaintiff's injury is the battle-ground of debate. This case, we think, falls on one side of the line, while *Powers v. Sternberg, supra,* falls on the other. The two are border-line cases.

The remaining exceptions may not arise on another hearing, hence present rulings thereon are pretermitted.

The defendant is entitled to a new trial. It is so ordered.

New trial.