ANNIE GLENN RATTLEY, Administratrix of SYLVESTER RATTLEY, Deceased, v. L. R. POWELL, JR., and HENRY W. ANDERSON, Receivers of SEABOARD AIR LINE RAILWAY COMPANY, and T. LACY WILLIAMS, Administrator of JOHN VAUGHAN, Deceased.

(Filed 5 May, 1943.)

**1. Negligence § 5—**

By proximate cause is not meant necessarily the last act of cause, or nearest act to the injury, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause.

**2. Negligence § 7—**

Intervening negligence to have the effect of "insulating" the original negligence, where it is found to exist, must totally supersede that negligence in causal effect.

**3. Negligence § 6—**

When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable.

**4. Negligence § 7—**

It is error for the court to instruct the jury that, in order to break the sequence of proximate causation or, in other words, to supersede the original negligence as proximate cause, the intervening negligence must be palpable or gross.

**5. Same—**

The real test is that of foreseeability of the intervening act as a reasonable consequence of the original negligence. If the intervening act or conduct is found to be reasonably foreseeable as a consequence of the original negligence, it will not serve the purpose of insulation.

STACY, C. J., concurring.

WINBORNE, J., joins in concurring opinion.

APPEAL by defendants from *Nimocks, J.,* at November Term, 1942, of FRANKLIN. New trial.

*Yarborough & Yarborough for plaintiff, appellee.*

*Malone & Malone and Murray Allen for defendants, appellants.*

SEAWELL, J. This case was here before upon the appeal of plaintiff from a judgment of nonsuit, and will be found reported as *Henderson v. Powell* and *Rattley v. Powell,* 221 N. C., 239. (For summary of facts, see that case.) The defendants had prevailed in their motion for nonsuit upon the evidence upon the theory either that the trial disclosed no evidence to go to the jury upon the issue of defendants' negligence, or that such negligence was insulated by the intervening negligent conduct of McCrimmon, the driver of the car in which Rattley, the intestate, was a guest when killed. The decision of this Court was adverse to the defendants upon both points, and the case was sent back for a new trial, without restriction of the issues to any phase of the case. The factual situation disclosed by the evidence on the second trial does not differ materially from the case as it then stood; and the views expressed by the Court in that decision with respect to the negligence of the defendants and the suggested insulation thereof by the conduct of McCrimmon become the law of the case.

Adverting to the instructions to the jury challenged upon this appeal, we have to say that mere intervention, alone, of an independent negligent act will not relieve the author of an original negligence from the consequences of his negligent conduct as an efficient cause in producing the injury.

"By proximate cause is not meant necessarily the last act of cause, or nearest act to the injury, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause." 38 Am. Jur., p. 703, sec. 55.

The court below was not in error in instructing the jury that intervening negligence to have the effect of "insulating" the original negligence, where it is found to exist, must totally supersede that negligence in causal effect. The principle as laid down in Sherman and Redfield on

Negligence (1941, Vol. 1, p. 101, sec. 38) and Restatement of the Law, Torts, sec. 439, is not different from that expressed in numerous well considered opinions of our own Court and in controlling opinion throughout the country. *Campbell v. R. R.,* 201 N. C., 102, 109, 159 S. E., 327. In *White v. Realty Co.,* 182 N. C., 536, 538, 109 S. E., 564, the principle is clearly expressed:

"But if any degree, however small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff, in the absence of any contributory negligence on his part, would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others. 'When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable.'" *Wood v. Public-Service Corp.,* 174 N. C., 697, 94 S. E., 459.

But the trial judge did fall into a causal error in instructing the jury that in order to break the sequence of proximate causation or, in other words, to supersede the original negligence as proximate cause, the intervening negligence must be palpable or gross.

This expression was derived from *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361, and was applied in *Hinnant v. R. R.,* 202 N. C., 489, 493, 163 S. E., 555, but met with definite disapproval in *Quinn v. R. R.,* 213 N. C., 48, 50, 195 S. E., 85.

The test is not to be found merely in the degree of negligence of the intervening agency, but in its character—whether it is of such an extraordinary nature as to be unforeseeable. Restatement of the Law, Torts, sec. 447; *Butner v. Spease,* 217 N. C., 82, 86, 6 S. E. (2d), 808. A person is bound to foresee only those consequences that naturally and probably flow from his negligence; but caution must be observed in the application of this principle also, since the failure to foresee the exact nature of the occurrence caused by his negligence will not excuse him if it could be reasonably foreseen that injury to some person might occur through an event of that character. *Dunn v. Bomberger,* 213 N. C., 172, 177, 195 S. E., 364; *Lancaster v. Greyhound Corporation,* 219 N. C., 679, 688, 14 S. E. (2d), 820.

The real test then is that of foreseeability of the intervening act as a reasonable consequence of the original negligence. If upon the application of these principles, the intervening act or conduct is found to be reasonably foreseeable as a consequence of the original negligence, it will not serve the purpose of insulation. See quotation from *White v. Realty Co., supra; Wood v. Public-Service Corp., supra.*

The test applied in the instruction is not wholly consistent with these rules, and may have diverted the jury from their application. For the

error contained therein, the defendants are entitled to a new trial, and it is so ordered.

We deem it unnecessary to consider other exceptions.

New trial.

STACY, C. J., concurring: When an automobile is hit by or collides with a train at a grade crossing, the law makes a distinction between the causal negligence of the driver of the automobile which will bar a recovery in an action brought against the railroad by the driver and the negligence on his part which will bar a recovery in an action brought against the railroad by a guest in the automobile who exercises no control over the driver. *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342.

In the first case, contributory negligence on the part of the driver of the automobile will suffice to bar a recovery in an action brought by him. *McCrimmon v. Powell,* 221 N. C., 216, 19 S. E. (2d), 880; *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137; *Miller v. R. R.,* 220 N. C., 562, 18 S. E. (2d), 232.

In the second, the negligence on the part of the driver which will defeat a recovery in an action brought against the railroad by a guest in the automobile who exercises no control over the driver, must do more than contribute to the injury; it must be the real efficient cause, or the sole proximate cause of the guest's injury. *Quinn v. R. R.,* 213 N. C., 48, 195 S. E., 85; *Harvell v. Wilmington,* 214 N. C., 608, 200 S. E., 367; *Campbell v. R. R.,* 201 N. C., 102, 159 S. E., 327; *Dickey v. R. R.,* 196 N. C., 726, 147 S. E., 15; *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814.

It is true, in *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361, it was said "the negligence of the driver of the automobile is so palpable and gross, as shown by plaintiff's own witnesses, as to render his negligence the sole proximate cause of the injury." The Court was there speaking to a nonsuit and of the palpable and gross negligence of the driver appearing on the record which rendered his negligence "the sole proximate cause of the injury." This was not to say, however, that the negligence of the driver must be "palpable and gross." It is enough in such case to defeat a recovery, if the negligence of the driver be the sole proximate cause of the guest's injury. *Montgomery v. Blades,* 222 N. C., 463; *Chinnis v. R. R.,* 219 N. C., 528, 14 S. E. (2d), 500; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108.

An instruction similar to the one here complained of was held for error in *Quinn v. R. R., supra.* A like holding would seem to be in order here.

WINBORNE, J., joins in this opinion.