J. H. WARNER v. LEE M. LAZARUS, JOE LAZARUS AND JULIUS T. HANSEN.

(Filed 28 April, 1948.)

**1. Negligence § 7—**

> Primary negligence is insulated by the independent negligence of another if such intervening negligence and resultant injury is not reasonably foreseeable by the person guilty of the primary negligence.

**2. Negligence § 9—**

> The law requires only reasonable prevision, and foreseeability is a prerequisite of proximate cause.

**3. Automobiles § 18h (4)—Intervening negligence held not reasonably foreseeable upon the evidence and therefore it insulated primary negligence.**

> Plaintiff's evidence tended to show that plaintiff was standing at the rear of a car parked completely off the hard surface on the right, that a car traveling at a speed of 45 to 50 miles per hour slowed down rapidly as it came near the parked car, that the driver of a truck following 250 feet behind the car, immediately he saw the brake light on the car, applied his brakes without effect and then applied his hand brake and skidded off the highway, striking the rear of the car and the plaintiff. Oncoming traffic prevented him from turning to the left. The driver of the truck testified that had his brakes been working properly he did not think he would have had any trouble stopping the truck. *Held:* Even conceding negligence on the part of the driver of the car in violating G. S., 20-154, the intervening negligence of the driver of the truck in driving at excessive speed or in operating the car with defective brakes, insulated any negligence of the driver of the car as a matter of law, since neither the intervening negligence nor the resulting injury could have been reasonably anticipated by the driver of the car from his act in rapidly decreasing speed.

APPEAL by plaintiff from *Hamilton, Special Judge,* at November Term, 1947, of WAKE.

Civil action to recover for personal injuries sustained in a motor vehicle collision.

The car in which the plaintiff had been riding was parked on the shoulder of U. S. Highway No. 1, about 3 miles south of Cary, approximately 2 feet from the edge of the paved portion thereof, on 18 October, 1946, about 10:30 a.m. The weather was fair and the highway dry. The right-hand rear tire on the Warner car was flat. At the time of the collision, the plaintiff was engaged in removing the spare tire from the trunk of the car. The car was headed north, the same direction the motor vehicles of the defendants were traveling. The car of the defendant Joe Lazarus, was being driven at the time of the collision by Lee M. Lazarus, his wife, and was proceeding along the highway at a rate of

speed "between 45 and 50 miles per hour." A truck operated by the defendant, Julius T. Hansen, was following the Lazarus car. Hansen was driving at substantially the same rate of speed the car of the defendant Joe Lazarus was being driven. Shortly before the Lazarus car reached the Warner car, the driver of the Lazarus car slowed down "fairly rapidly considering the speed they were traveling." "The Lazarus car was slowing down" when it was hit, then it speeded up a little and parked off the road, according to the defendant Hansen's evidence. The defendant Hansen was 250 feet or more behind the Lazarus car when he saw the brake light on the Lazarus car. He immediately applied his brakes, but with no effect. He then applied his hand brake and skidded. He struck the rear of the Lazarus car when it was slightly south of where the Warner car was parked. The rear of the truck skidded off the highway and hit the plaintiff and the Warner car, seriously and permanently injuring the plaintiff. The Lazarus car did not come into physical contact with the Warner car. There was oncoming traffic on the left of the highway, which prevented the defendant Hansen from passing the Lazarus car on its left. The road was slightly down grade. The parked car could be seen from the south for a distance of about 400 yards.

There was some evidence tending to show that the defendant Hansen knew his brakes were defective, although he testified this was the first time they had completely failed to hold.

At the close of plaintiff's evidence, the defendants Lee M. and Joe Lazarus, moved for judgment as of nonsuit. The motion was allowed and the plaintiff appealed, assigning error.

*Howard E. Manning for plaintiff.*
*Bailey & Holding for defendants.*

DENNY, J. The question presented is whether the evidence is sufficient to carry the case to the jury on the issue of negligence as to the defendants Lee M. and Joe Lazarus.

The appellant is relying on *Betchler v. Bracken,* 218 N. C., 515, 11 S. E. (2d), 721; *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311; *Smith v. Coach Co.,* 214 N. C., 314, 199 S. E., 90, and similar cases. Those cases are not controlling in the instant case. There is a substantial difference in the facts in this case and the facts upon which those decisions rest.

In *Betchler v. Bracken, supra,* the defendant Bracken had been trailing a large truck. As the truck was entering a bridge it was stopped suddenly without any signal being given. Bracken was only 30 or 35 feet behind the truck when it stopped; he was too close to the truck to stop without hitting it, and rather than hit the back of the truck, he

pulled to the left and ran into an oncoming automobile. The court below held the evidence was insufficient to be submitted to the jury as to the negligence of the owner of the truck. The ruling was reversed on appeal.

In the case of *Holland v. Strader, supra,* the Strader car was being operated at a distance of two or three car lengths ahead of the plaintiff's car. The parties were en route to Chapel Hill to witness a football game. Both cars were traveling 30 to 40 miles an hour; the defendant's car stopped suddenly without any signal or warning being given, and, in spite of the plaintiff's effort to stop or turn his car, he was unable to do so, and collided with the defendant's car, causing injury to plaintiff.

In *Smith v. Coach Co., supra,* the plaintiff attempted to pass a bus, but upon pulling her automobile to the left, for the purpose of passing the bus, she saw a car approaching from the opposite direction. She then pulled her automobile behind the bus, and while driving at a speed of approximately 40 miles per hour, the bus was suddenly stopped without any signal being given by the driver of the bus of his intention to stop. The plaintiff was unable to stop her car in time to avoid a rear-end collision with the bus.

Likewise, the appellant herein contends that the driver of the Lazarus car stopped the car rapidly, without first ascertaining whether such movement could be made in safety, and without giving any signal, as required by G. S., 20-154. The pertinent parts of which statute reads as follows: "The driver of any vehicle . . . before stopping . . . shall first see that such movement can be made in safety, . . . and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement. The signal herein required shall be given by means of the hand and arm in the manner herein specified, or by any approved mechanical or electrical signal device. . . . All signals to be given from the left side of the vehicle during the last fifty feet traveled."

Did the Lazarus car travel less than fifty feet after the defendant Hansen saw it was slowing down? It does not appear from the evidence how far south of the Warner car the Lazarus car was when the driver of the Lazarus car applied the brakes. It does appear, however, that at the moment the brakes were applied on the Lazarus car, the defendant Hansen, who was driving about 250 feet or more behind the Lazarus car, saw the brake light and immediately applied his brakes. He certainly considered the flash of the brake light on the Lazarus car as a signal that the driver of the car intended to stop or at least to slow down. But his brakes would not hold; they had no effect on his speed; he kept going. He applied his hand brake, collided with the rear end of the Lazarus

car, and skidded into the rear end of the Warner car, which was parked on the right-hand shoulder of the highway.

Where is the causal connection between the failure of the driver of the Lazarus car to give a signal as required by the statute of her intention to decrease her speed, if she did so fail, and the injury to the plaintiff? The defendant Hansen testified that if his brakes had been working adequately, he did not think he would have had any trouble stopping his truck. *Insurance Co. v. Stadiem,* 223 N. C., 49, 25 S. E. (2d), 202; *Chinnis v. R. R.,* 219 N. C., 528, 14 S. E. (2d), 500. Furthermore, the evidence does not support the contention that the Lazarus car stopped on the highway, but only that it slowed down "fairly rapidly."

The mere fact that a motorist may decrease the speed of his car when approaching oncoming traffic, when he observes a parked car just off the pavement on his side of the road, is not within itself evidence of negligence. On the contrary, it would seem to be a precautionary measure. Moreover, where it appears, as it does here, that the defendant Hansen was traveling behind the Lazarus car a distance of 250 feet or more and saw the Lazarus car slowing down, and was unable to get his truck under control and avoid a collision, by reason of his speed or the defective condition of his brakes, it would seem to be unreasonable to assume that the driver of the Lazarus car should have foreseen that the plaintiff or some other person was likely to be injured as a result of decreasing her speed.

Nevertheless, if it be conceded the appellees were negligent, we think the doctrine of insulating negligence, as laid down in *Butner v. Spease,* 217 N. C., 82, 6 S. E. (2d), 808, would apply. There it is said: "The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury. *Newell v. Darnell, supra* (209 N. C., 254, 183 S. E., 374); *Beach v. Patton, supra* (208 N. C., 134, 179 S. E., 446); *Hinnant v. R. R., supra* (202 N. C., 489, 163 S. E., 555); *Balcum v. Johnson,* 177 N. C., 213, 98 S. E., 532. 'The test . . . is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected.' *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299. 'The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite of actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.' *Osborne v. Coal Co.,* 207 N. C., 545, 177 S. E., 796; *Beach v. Patton, supra.*" See also *Montgomery v. Blades,* 222 N. C., 463, 23 S. E. (2d), 844; *Brady v. R. R.,*

222 N. C., 367, 23 S. E. (2d), 334; *Luttrell v. Mineral Co.,* 220 N. C., 782, 18 S. E. (2d), 412; *Chinnis v. R. R., supra; Murray v. R. R.,* 218 N. C., 392, 11 S. E. (2d), 326; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88; *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108; and *Haney v. Lincolnton,* 207 N. C., 282, 176 S. E., 573.

"The definition of proximate cause requires a continuous and unbroken sequence of events, and where the original wrong only becomes injurious in consequence of the intervention of some distinct wrongful act or omission on the part of another or others, the injury is to be imputed to the second wrong as the proximate cause, and not to the first or more remote cause. Cooley on Torts, sec. 50." *Insurance Co. v. Stadiem, supra; Rattley v. Powell,* 223 N. C., 134, 25 S. E. (2d), 448.

A careful examination of the evidence adduced on the trial below, when considered in its most favorable light for the plaintiff, as it must be on demurrer to such evidence, fails to disclose actionable negligence on the part of the appellees.

The plaintiff received a serious injury, but we think the negligence of the appellees, if any, was insulated by the negligence of the defendant Hansen. It does not appear that the plaintiff would have been injured as a probable consequence of the decreased speed of the Lazarus car, had it not been for the intervention of Hansen's negligence. In light of the circumstances disclosed by this record, we do not think the driver of the Lazarus car "ought to have foreseen in the exercise of reasonable prevision," that the plaintiff or some other person might be injured as a result and probable consequence of her act in slowing down her car. *Butner v. Spease, supra.*

The ruling of the court below will be upheld.

Affirmed.