15280

## BALLARD v. SOUTHERN RY. CO.

(15 S. E. (2d), 342)

December, 1940.

*Messrs. McDonald, Macauly & McDonald,* of Chester, and *Mr. Frank G. Tompkins,* of Columbia, for appellant,

*Messrs. Gregory & Gregory* and *Messrs. Williams & Stewart,* all of Lancaster, for respondent,

June 12, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

Plaintiff brought this action for damages to his automobile, for medical and hospital expenses and for the loss of his son's services resulting from a collison when the son, between eighteen and nineteen years old, attempted a grade crossing of defendant's railroad tracks in the outskirts of the City of Concord, North Carolina, at a little after eleven o'clock on the night of January 14, 1940. The collision occurred between the locomotive of a passenger train and the automobile, practically destroying the latter; and the driver suffered such serious injuries that he was confined to a hospital there for many weeks and afterward also received medical and hospital treatment in Charlotte. From the judgment entered upon the verdict for plaintiff, the defendant has appealed upon exceptions which raise the questions hereinafter discussed.

It was a very cold night and a police officer who testified for plaintiff said that it was necessary for him to let air into his automobile to prevent the clouding of the windshield and windows by fog. Plaintiff's son had driven the car only a few blocks from the home in which he had been visiting to the crossing, beginning his trip home, and he had used the crossing before and knew of it and of the automatic signal light and bell there. Photographs in evidence show the latter and its legend, "stop on red signal." On the side of the approach of the automobile the signal stand is close to the first of the two tracks at the crossing; the collison occurred upon the second track.

A street, which parallels the tracks and is apparently on the right-of-way of the railroad, intersects at right angles the street, McGill, upon which the automobile approached the crossing. Dwellings on this street afforded some obstruction to the driver's view of the approaching train, as did the fact that the track lay in a cut which increased from about grade level at the crossing to eight or ten feet in depth at a distance of some two hundred yards. There was testimony that the "automatic" signals were not in order and were not working at the time of the collison and that the approaching train likewise gave no signal by whistle or bell. The driver testified that he did not look for a train in the direction of its approach after passing the automatic signal, depending upon it. Evidence for plaintiff was that the speed of the automobile was from fifteen to twenty miles per hour at the time of the collison and that the train was being operated at seventy or seventy-five miles an hour. The fireman testified that the train was running late and making up time at the estimated rate of fifty-five or sixty miles per hour.

The plaintiff alleged as negligence the failure of the signal light and bell to function, the installation of them and failure to sufficiently inspect, the allowing of them to fail when the company knew, or should have known, of the failure, the speed of the train and its approach to the crossing without proper lookout or signal. The answer contained a general denial of negligence, an allegation that the cause is controlled by the law of North Carolina which requires highway travelers to stop before undertaking to cross the tracks, that the automatic signal light and bell were in operation and the train gave additional warnings by whistle and bell, that it was the duty of the driver to have his automobile under control and to look and listen for trains, all of which plaintiff's son violated and thereby proximately caused plaintiff's injuries or was guilty of contributory negligence.

Upon consideration of the evidence, which we need not further review, we think that there was no error on the part of the trial Judge in the refusal of non-

suit and directed verdict for the defendant. As was said by Chief Justice Stacy in *Quinn v. Atlantic & Y. Ry. Co.,* 213 N. C., 48, 195 S. E., 85, 88: "The evidence on behalf of the defendant is in sharp conflict with that of the plaintiff. * * * This makes it a case for the jury."

There is no "crossing statute" in North Carolina equivalent to ours, Section 8377, Code of Laws of South Carolina, 1932, and the case was properly tried below under the common law of that state. Decisions of the Supreme Court were introduced in evidence at the trial. One of them is cited above. Another is *Pope v. A. C. L. R. Co.,* 195 N. C., 67, 141 S. E., 350, 352, in which the opinion by Mr. Justice Brogden contains a valuable recital of certain rules of that jurisdiction applicable to railroad crossing accidents from which we quote that numbered (2) which is as follows: "Where gates, flagmen, or watchmen are maintained at a crossing, a traveler is not negligent, as a matter of law, when the gates are open if he entered upon the track without looking or listening."

That case involved an injury to a pedestrian but we think that the foregoing postulate is none the less applicable to one riding in a vehicle and is equally applicable to an automatic signal light and bell as to gates, flagmen or watchmen. There is no exception to the instruction to the jury thereabout in this case, as follows: "For instance, where the travelers enter upon the track under an express or implied assurance of safety, as where gates are open or signals are given by watchmen or where mechanical devices, bells of warning or red lights of warning indicate a clear way, and a person of ordinary prudence, caution and care under the existing circumstances would have done as the plaintiff's son did on this particular occasion, then the plaintiff may not be guilty of contributory negligence. But it is for the jury to say under all the facts and circumstances who was negligent on this particular occasion, that is, whether the plaintiff or the defendant, and whose negligence was the proximate cause of the injury."

Counsel are agreed upon the effect of the North Carolina statute which requires a highway traveler to bring his vehicle to a stop before attempting to cross railroad tracks, in view of the further statutory provision of the effect that failure to observe the requirement shall not be considered contributory negligence *per se,* and the facts relating to such failure may be considered with the other facts in the case in determining whether the plaintiff (here driver) was guilty of contributory negligence; and the trial Judge at the suggestion of defendant's counsel so instructed the jury, concerning which there is no complaint.

What has been said disposes of appellant's first two questions. The third and last imputes error in the charge in what appellant contends was a modification by the Court of its sixth request to charge. The question is briefly presented in the last paragraph of appellant's printed argument. The request was, "I charge you further that if you should find from the evidence that the plaintiff's son, by the exercise of ordinary, or even slight care, could have seen defendant's train approaching said crossing in time to have stopped his automobile and avoided a collison, then your verdict must be for the defendant."

The Judge charged as thus requested and there next appears in the record of the charge his words which the appellant contends constituted an improper modification, as follows: "Of course, Mr. Foreman and Gentlemen of the Jury, if the plaintiff's son had knowledge that the train was coming and saw the train and in spite of that fact went right on, or if you find as a matter of fact from the testimony that the lights were going off and on, that the bell was ringing and that the plaintiff's son had notice that the train was coming and that he went right on by his own conscious act, he could not recover."

This did not conclude the instructions to the jury; there are two subsequent printed pages. Although it occurred next in the charge, it was not in reality a modification of the request for it was applicable to particular circumstances under

which the defendant would not be liable, and the charged request was in more general terms.

Upon careful consideration of the entire charge as a whole we do not think that it may be soundly said that the specified portion constitutes error or that the instructions were not fair and accurate. In other portions of the charge the jury were plainly instructed that the driver was required to use his senses of sight and hearing, must look and listen effectively so far as under his control; and in accord with the first request of the appellant the Court had again instructed the jury that it was the duty of every highway traveler to look and listen before attempting to cross a railroad track and that in this case the driver was not relieved from this duty by any failure of the automatic signals to function.

As indicated, consideration of the whole charge, for the propriety of which in order to determine appellant's imputation of error, South Carolina authority need not be cited, demonstrates that it was full, fair and free from error. That the law of our sister state upon the point, though not controlling even of this case in this particular, is the same is shown by reference to the North Carolina cases found in 32 West's S. E. Digest, Trial, p. 638, 295 (1).

All exceptions are overruled and the judgment below affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur.